IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TERESA BAKER                                                                                            PLAINTIFF

v.                                                                    CIVIL ACTION NO. 1:23-CV-57-SA-RP

ALLSTATE INDEMNITY CO.                                                                         DEFENDANT

ORDER

On February 10, 2023, Teresa Baker initiated this civil action by filing her Complaint [2] against Allstate Indemnity Company ("Allstate") in the County Court of Lee County, Mississippi.[1] On April 12, 2023, Allstate filed a Notice of Removal [1], removing the case to this Court and premising federal jurisdiction on the basis of diversity. Thereafter, Allstate filed a Motion to Dismiss [21]. The Motion [21] is now ripe for review and the Court is prepared to rule.

*Factual Background*

Teresa Baker owns rental property in Aberdeen, Mississippi. Baker contends that the roof on the rental property sustained wind and rain damage during a storm on September 29, 2021. As a result of the roof damage, Baker contends that the interior of the property as well as items inside were destroyed from the rain coming through the roof.

Baker's property was insured via a policy with Allstate. Immediately after the storm, Baker filed a claim with Allstate. She sought to recover under her policy for the damage done to the exterior and interior of the rental property.

On November 15, 2021, Allstate sent Baker a letter denying her claim. According to the denial letter, Allstate concluded that it could not provide coverage for the exterior and interior

---

[1] Baker's Complaint [2] names Allstate Insurance Company as the Defendant. However, in an Agreed Order [10], the parties substituted the correct party, Allstate Indemnity Company, for All State Insurance Company.

damages because the damages were from excluded perils and not from the storm on September 29, 2021.

In her Complaint [2], Baker brings forth claims for bad faith, negligence, and breach of contract. Allstate seeks to dismiss Baker's bad faith claim and negligence claim on the basis that Baker's Complaint [2] does not state a plausible claim for either cause of action.

*Applicable Standard*

The purpose of a Rule 12(b)(6) motion is to test the formal sufficiency of the statement for relief. *Wheeler v. Williams*, 2018 WL 6204444, at *3 (N.D. Miss. Nov. 27, 2018) (citing *Murray v. Amoco Oil Co.*, 539 F.2d 1385 (5th Cir. 1976)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. 1937.

In deciding a Rule 12(b)(6) motion, the Court must accept "all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff." *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502 (5th Cir. 2014) (citing *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). A legally sufficient complaint need not contain detailed factual allegations, but it must set forth more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. "If there are insufficient factual allegations to raise a right to relief above the speculative level, the claim must be dismissed." *Wheeler*, 2018 WL 6204444 at *3 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955).

*Analysis and Discussion*

As noted above, Allstate seeks dismissal of Baker's bad faith and negligence claims. The Court will address the claims in turn.

I.     Bad Faith

"Under Mississippi law, insurers have a duty to perform a prompt and adequate investigation and make a reasonable, good faith decision based on that investigation and may be liable for punitive damages for denying a claim in bad faith." *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 627 (5th Cir. 2008) (citation omitted).

As the plaintiff, Baker bears the burden of proving that Allstate acted in bad faith when it denied her insurance claim. "To prove bad faith, [Baker] must show that the insurer denied or delayed payment on a claim '(1) without an arguable or legitimate basis, either in fact or law, and (2) with malice or gross negligence in disregard of the insured's rights.'" *Triumph Church of God in Christ v. Church Mut. Ins. Co.*, at *2 (S.D. Miss. Apr. 16, 2021) (quoting *Broussard*, 523 F.3d at 628).

Allstate argues that Baker's Complaint [2] provides only conclusory allegations of bad faith. Particularly, Allstate contends that Baker's Complaint [2] does not include any factual allegations that Allstate lacked an arguable basis for denying her claim, nor does the Complaint [2] include allegations that Allstate acted with malice or gross negligence. Allstate further contends that the only allegation in Baker's Complaint [2] that supports a bad faith claim is Baker's contention that "the Allstate insurance Company gave incorrect, unfounded, and inadequate reasons for denying the Plaintiff's insurance claim." [2] at p. 3. However, Allstate contends that that allegation is conclusory and that the Complaint [2] fails to include factual allegations of how the denial was incorrect. Further, Allstate argues that its denial letter does provide Baker the reason for its denial. Although the denial letter cites the list of excluded perils in its entirety, in its

3

supporting Memorandum [22], Allstate contends that the roof damage was result of "wear and tear, aging… deterioration." [22] at p. 4. In essence, Allstate takes the position that Baker fails to include any factual allegations that Allstate acted in bad faith when it denied her claim and thus fails to satisfy the pleading requirements.

Conversely, Baker contends that the allegations in her Complaint [2] are not conclusory. In her Response Memorandum [26], Baker argues that Allstate ignored proof of storm damage to her rental property. She further argues that Allstate's denial letter only provides a laundry list of excluded perils under the policy and does not identify which *specific* excluded peril applies to her claim. Moreover, Baker contends that her Complaint [2] coupled with Allstate's denial letter supports a claim of bad faith. Simply put, Baker's contention is that her Complaint [2] states a plausible claim for bad faith and adheres to the Rule 8 pleading standard.

This Court has previously held that when "[a] complaint does not contain enough information… the proper remedy is a motion for a more definite statement under Rule 12(e), or an order allowing the plaintiff to amend." *Sudduth v. Lowndes Cnty., Miss.*, 2019 WL 982861, at *4 (N.D. Miss. Feb. 28, 2019) (citations omitted). Here, Baker's Complaint [2] vaguely alleges that Allstate denied her claim for incorrect reasons. However, Baker's Response Memorandum [26] further articulates reasons that would support her bad faith claim. She alleges, among other things, that Allstate's denial letter did not identify the specific excluded peril that applied to her claim. She also includes additional allegations that Allstate ignored proof that a storm occurred and caused damage to the roof of her rental property. Although Baker's Complaint [2] alone does not plead sufficient facts, her Response Memorandum [26] contains additional factual allegations that would otherwise support her bad faith claim.

4

With this is in mind, the Court finds that it is not necessary, at this stage, to decide whether Baker's bad faith claim should be dismissed. The Court makes no finding to that effect. However, the Court does find it appropriate to permit Baker to file an Amended Complaint specifically articulating the facts that support her bad faith claim and linking the factual allegations to her claim. She will be permitted to do so.

II. *Negligence*

Allstate also seeks dismissal of Baker's general negligence claim. Allstate contends that Baker's Complaint [2] does not include any allegations that support a negligence claim. Specifically, Allstate argues that Baker's Complaint [2] does not include any allegations related to investigating or adjusting the claim.

On the other hand, Baker contends that she has pled sufficient facts to support a negligence claim. Particularly, Baker argues that her negligence claim should proceed for the same reasons her breach of contract claim—a claim that Allstate is not seeking to dismiss—should proceed. In her Response Memorandum [26], Baker contends that she should be allowed to pursue her negligence claim because "[t]he Defendant had a legal duty to properly investigate her claim, and pay covered claims under the landlord policy, and therefore, the Defendant is negligent for not paying the landlord policy." [26] at p. 5. However, in its Reply [27], Allstate argues that Baker's contention that Allstate had a duty to properly investigate her claim is a breach of contract claim that she has improperly described as a negligence claim.

"In Mississippi, '[t]he elements of a negligence claim are duty, breach of duty, proximate cause, and damages.'" *State Farm Fire & Cas. Co. v. Amazon.com, Inc.*, 414 F. Supp. 3d 870, 874 (N.D. Miss. 2019) (quoting *Mladineo v. Schmidt*, 52 So. 3d 1154, 1162 (Miss. 2010)).

Under Mississippi law, "[b]reach of a contract (whether described as 'negligent' or not) is not actionable in tort under an ordinary negligence theory unless breaching the contract also

5

breached a duty of care recognized by tort law." *Watkins & Eager, PLLC v. Lawrence*, 326 So. 3d 988, 993 n. 2 (Miss. 2021). "Mississippi law places a duty on insurers to properly investigate the claims of their policyholders." *Mitchell v. State Farm Fire & Cas. Co.*, 799 F. Supp. 2d 680, 695 (N.D. Miss. 2011).

Here, Baker contends she should be able to pursue a negligence claim against Allstate for the same reasons her breach of contract claim should proceed. In making that argument, Baker contends that Allstate failed to adequately investigate her claim and thus was negligent for failing to pay the policy. As noted above, a breach of contract claim is the proper cause of action when an insurance company fails to adequately investigate a claim. *See id.* (plaintiff brought forth a breach of contract claim against insurance company for failing to adequately investigate his claims).

Notably, under Mississippi law, a negligence claim requires "[a] duty of care 'fixed by law and *independent of the contract*.'" *Murphy v. Allstate Vehicle & Prop. Ins. Co.*, 2022 WL 2541281, at *6 n. 2 (S.D. Miss. July 7, 2022) (quoting *Clausell v. Bourque*, 158 So. 3d 384, 391 (Miss. Ct. App. 2015)) (emphasis added). Baker argues that "[t]he Defendant had a legal duty to properly investigate her claim, and pay covered claims *under the landlord policy*, and therefore, the Defendant is negligent for not paying the landlord policy." [26] at p. 5 (emphasis added). In the Court's view, Baker's argument that Allstate failed to adequately investigate her claim is not independent of the contract, and she has not alleged any independent breach that would support a negligence claim. To that end, the Court finds that Baker's negligence claim should be dismissed for failure to state a claim.

*Conclusion*

For the reasons set forth above, Allstate's Motion to Dismiss [21] is GRANTED in part and DENIED in part. Baker's negligence claim is dismissed *with prejudice*. Baker shall be permitted to file an Amended Complaint within fourteen (14) days of today's date to adequately

plead a bad faith claim. If it so chooses, Allstate may refile its Motion to Dismiss once Baker files her Amended Complaint.

    SO ORDERED, this the 20th day of March, 2024.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE
