IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TERESA BAKER                                                                                                               PLAINTIFF

v.                                            CIVIL ACTION NO. 1:23-CV-57-SA-RP

ALLSTATE INDEMNITY CO.                                                             DEFENDANT

ORDER

On February 10, 2023, Teresa Baker initiated this civil action by filing her Complaint [2] against Allstate Indemnity Company in the County Court of Lee County, Mississippi. On April 12, 2023, Allstate filed a Notice of Removal [1], removing the case to this Court and premising federal jurisdiction on diversity of citizenship. On April 2, 2024, Baker filed her Amended Complaint [85]. Now before the Court is Allstate's Motion to Dismiss or, alternatively, Motion for Judgment on the Pleadings [89].[1] The Court is prepared to rule.

*Factual Background*

On March 20, 2024, the Court entered an Order [84], wherein it dismissed Baker's negligence claim and permitted her to amend her complaint and attempt to adequately plead a bad faith claim. On April 2, 2024, Baker filed her Amended Complaint [85].

In her Amended Complaint [85], Baker alleges that the roof on her rental property located in Aberdeen, Mississippi sustained wind and rain damage during a storm on September 29, 2021. As a result of the damage, Baker contends that the interior of the property, as well as items inside, were destroyed from rain coming through the roof. Immediately after the storm, Baker filed a claim under her homeowner's policy with Allstate. According to Baker, around the beginning of

---

[1] Allstate has also filed a Motion to Continue [91]. The Court will address that filing at the conclusion of this Order.

November, Justin Warren, a third-party inspector on behalf of Allstate, inspected the property. On November 15, 2021, Allstate sent Baker a letter denying her claim. In the denial letter, Allstate claimed that it could not provide coverage for the exterior and/or interior damage because the damage was caused by excluded perils and not a result of the September 29, 2021 storm.

Shortly after receiving the denial letter, Baker called Allstate and spoke with Shelley Anderson, an Allstate employee. Baker contends that Anderson informed her that Allstate would not pay her claim because Anderson thought a possum ate her shingles and because Baker did not have wind and rain protection under her policy. After speaking with Anderson, Baker alleges that she spoke with Andy Dyson, a local Allstate representative. Dyson informed Baker that she *did* have wind and rain protection under her policy.

Baker alleges that Allstate acted in bad faith when it denied her claim. She contends that the reasons Allstate gave her for denying her claim were incorrect and inconsistent.

In her Amended Complaint [85], Baker brings claims for bad faith and breach of contract. Through the present Motion [89], Allstate seeks dismissal of Baker's bad faith claim.

*Dismissal Standard*

Allstate filed a Motion to Dismiss or, alternatively, a Motion for Judgment on the Pleadings [89]. Because Allstate had already filed its Answer [88], the Court will construe its Motion [89] as a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (citations omitted).

The purpose of a Rule 12(b)(6) motion is to test the formal sufficiency of the statement for relief. *Wheeler v. Williams*, 2018 WL 6204444, at *3 (N.D. Miss. Nov. 27, 2018) (citing *Murray*

*v. Amoco Oil Co.*, 539 F.2d 1385 (5th Cir. 1976)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. 1937.

In deciding a Rule 12(b)(6) motion, the Court must accept "all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff." *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502 (5th Cir. 2014) (citing *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). A legally sufficient complaint need not contain detailed factual allegations, but it must set forth more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. "If there are insufficient factual allegations to raise a right to relief above the speculative level, the claim must be dismissed." *Wheeler*, 2018 WL 6204444 at *3 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955).

*Analysis and Discussion*

As noted above, Allstate solely seeks dismissal of Baker's bad faith claim.

"In order to prevail in a bad faith claim against an insurer, the plaintiff must show that the insurer lacked an arguable or legitimate basis for denying the claim, or that the insurer committed a wilful or malicious wrong, or acted with gross and reckless disregard for the insured's rights." *Hardaway v. Howard Indus., Inc.*, 378 So. 3d 946, 957 (Miss. 2024) (citing *Liberty Mut. Ins. Co. v. McKneely*, 862 So. 2d 530, 533 (Miss. 2003)).

The Mississippi Supreme Court has held that an arguable basis "[i]s one in support of which there is some credible evidence. There may well be evidence to the contrary. A person is said to have an arguable reason for acting if there is some credible evidence that supports the conclusions on the basis of which he acts." *Blue Cross & Blue Shield of Miss., Inc. v. Campbell*, 466 So. 2d 833, 851 (Miss. 1984). The court has further held that an arguable basis "[i]s nothing more than an expression indicating the act or acts of the alleged tortfeasor do not rise to the heightened level of an independent tort." *State Farm Mut. Auto. Ins. Co. v. Grimes*, 722 So. 2d 637, 646 (Miss. 1998).

Allstate argues that, for a bad faith claim, Baker must prove three elements: (1) the claim was owed; (2) the insurer lacked an arguable basis; *and* (3) the insurer acted with malice. *See* [90] at p. 7.[2] Allstate contends that Baker's Amended Complaint [85] does not allege sufficient facts to support any of the elements of bad faith.

First, Allstate argues that Baker's Amended Complaint [85] does not allege sufficient facts to show that the claim was in fact owed. Baker's Amended Complaint [85] alleges that her property

---

[2] For context, the elements that Allstate relies on differ than those that the Court set forth above. The Court is cognizant that a plaintiff is required to prove malice in order to recover *punitive damages*. *See Mitchell v. State Farm Fire & Cas. Co.*, 954 F.3d 700, 708 (5th Cir. 2020) ("To win a claim for punitive damages, the plaintiff must establish that: '1. The insurer lacked an arguable or legitimate basis for denying the claim, *and* 2. The insurer committed a wilful or malicious wrong, or acted with gross and reckless disregard for the insured's rights.'") (quoting *State Farm Mut. Auto Ins. Co. v. Grimes*, 722 So. 2d 637, 641 (Miss. 1998)) (emphasis in original). However, even if Baker is not awarded punitive damages, she may still be entitled to extra-contractual damages, which would not require her to prove malice. *See Liberty Ins. Corp. v. Tutor*, 309 So. 3d 493, 507 (Miss. Ct. App. 2019) ("[T]he plaintiff/claimant bears the burden of proving that the insurer *either* lacked a legitimate or arguable basis for denying his claim or that it committed a willful or malicious wrong or acted with gross and reckless disregard for his rights" and "[w]hen an insurer denies a claim without an arguable basis, but the jury does not award punitive damages, extra-contractual damages may provide an intermediate form of relief.") (emphasis added).

4

was damaged by wind and rain and that she had a policy with Allstate that included wind and rain coverage. Therefore, the Court rejects Allstate's argument for purposes of Rule 12(c).

Next, Allstate argues that Baker's Amended Complaint [85] alleges almost nothing to support the second element—that Allstate lacked an arguable basis to deny her claim. Specifically, Allstate argues that "while the Amended Complaint concluded that Allstate lacked an arguable basis to deny her claim—a critical element of a bad faith claim—the only allegations in the Amended Complaint which could support it are conclusory. . ." [90] at p. 9. According to Allstate, it retained Luke Griffin as an expert and he concluded that the damage to Baker's property was from wear and tear (an excluded peril under the policy) while Baker believes the damage was a result of the September 2021 storm. Allstate argues that Baker's Amended Complaint [85] does not include any factual allegations as to how Griffin's conclusions were incorrect, how the investigation was improper, or how the exclusion does not apply. Further, Allstate asserts that the allegations in the Amended Complaint [85] do nothing more than set forth the elements for bad faith, which is insufficient to adequately state a claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Allstate relies on *Sanders v. Allstate Vehicle & Prop. Ins. Co.*, 2023 WL 2543160 (N.D. Miss. Mar. 16, 2023), to support its contention that Baker's Amended Complaint [85] fails to include factual allegations that Allstate lacked an arguable basis for denying her claim. In *Sanders*, this Court held that "though the complaint alleges Allstate lacked 'a legitimate, arguable reason for the subject denial' it does not allege any facts to support that conclusory allegation" and ultimately concluded that the complaint did not "[m]ention the alleged reason for the denial or why such amounts to bad faith." *Sanders*, 2023 WL 2543160 at *2.

In response, Baker contends that her Amended Complaint [85] includes factual allegations that Allstate gave her incorrect reasons for denying her claim such as Anderson telling her that her claim was denied because a possum ate her shingles and because she did not have wind and rain coverage under her policy. According to Baker, her Amended Complaint [85] explicitly states that she was given the wrong information about her policy and that she reached out to a local Allstate agent who informed her that her policy did include wind and rain protection.

This Court has previously denied a defendant's motion to dismiss a bad faith claim in comparable circumstances. *Williams v. Allstate Indemnity Company*, 2022 WL 17254306, at *4 (N.D. Miss. Nov. 28, 2022). There, on August 30, 2019, a fire occurred at Robert Williams' property and he promptly reported the incident to Allstate. *Id.* Thereafter, Allstate sent Williams a conditional denial letter reserving the right to deny coverage if the property had been vacant for more than 90 days leading up to the fire. *Id.* at *2. During an examination under oath, Williams provided messages from neighbors and other evidence to prove that his property was not vacant. *Id.* Nevertheless, on August 26, 2020, Allstate denied Williams' claim finding that the fire was a result of vandalism and that the "loss could not be covered because the home was vacant or unoccupied for more than 90 consecutive days immediately prior to the vandalism." *Id.* Williams filed suit and asserted a claim for bad faith. *Id.* at *1.

In a motion to dismiss the bad faith claim, Allstate argued that Williams' complaint did not include any factual allegations to support how Allstate wrongfully denied his claim. *Id.* at *2. Williams argued that his complaint included information about the text messages and other evidence from neighbors that he presented under oath showing that his home was not vacant. *Id.* Although the Court did not consider the text messages, the Court concluded that Williams had

6

adequately pled a claim for bad faith because his complaint alleged that Allstate ignored statements from neighbors indicating that the property was not vacant and still denied his claim. *Id.* at *3.

Here, like in *Williams*, Baker's Amended Complaint [85] included factual allegations that Allstate gave her incorrect information about her policy and why it denied her claim. Allstate contends that there was an arguable basis to deny Baker's claim because the damage to the property was caused by wear and tear—an excluded peril under the policy. Although Allstate argues that Baker's Amended Complaint [85] failed to include any facts alleging that the exclusion did not apply, the Court is unpersuaded. According to Baker's Amended Complaint [85], she received a letter from Allstate indicating that her claim was being denied. The denial letter included a laundry list of exclusions without identifying which exclusion applied to Baker's claim. Notably, the letter did not contain any information about Baker not having wind and rain coverage under her policy as a basis for denying her claim. After receiving the letter, Baker alleges that she called and spoke to Anderson who advised that one of the reasons her claim was denied was because she did not have wind and rain protection under her policy. Baker further alleges that she thereafter spoke with a local Allstate agent, who informed her that she did have wind and rain coverage, undercutting Allstate's own position taken in the denial letter.

While Allstate relies on *Sanders* to support its contention that Baker's Amended Complaint [85] does not allege any facts that Allstate lacked an arguable basis, that case is distinguishable from the case at bar. Here, Baker's Amended Complaint [85] alleges Allstate denied her claim, at least in part, because she did not have wind and rain coverage when she in fact did have such coverage, according to her agent. Taking these facts into account, the Court finds, for purposes of

this stage of the proceedings, that Baker's Amended Complaint [85] sufficiently alleges that Allstate lacked an arguable basis for denying her claim.[3]

In short, the Court reaches the same conclusion as it did in *Williams*. Taking the allegations of the Amended Complaint [85] as true, the Court finds that Baker has adequately pled a claim for bad faith. Allstate's Motion [89] is DENIED.[4]

In light of its ruling, the Court finds it appropriate to continue the current trial setting and extend the dispositive motions and discovery deadlines. The parties shall have 75 days to conduct limited discovery related *only to Baker's bad faith claim*. The current July 15, 2024 trial setting is hereby continued. The trial will be reset by separate Notice. Magistrate Judge Percy will hold a status conference with the parties for the purpose of rescheduling discovery and outlining the parameters of that discovery.

---

[3] The Court notes that the parties spend a considerable amount of time arguing about Allstate's expert's report findings. Although the report was attached to the Amended Complaint [85], the Court finds that the parties' arguments regarding the report go to merits of the case rather than the sufficiency of the complaint, which is inappropriate for the Court to consider at this time. *See United States v. Real Prop. known as 615 Elmhurst, Sugar Land, Texas 77479*, 2018 WL 3655081, at *3 (S.D. Tex. Aug. 1, 2018) ("At [the motion to dismiss stage], the court is charged with the task of evaluating the sufficiency of the complaint, *not with deciding the merits*.") (emphasis added). These arguments are more appropriate at the summary judgment stage.

[4] The Court additionally notes that Allstate argues that Baker's Amended Complaint [85] failed to allege sufficient facts that Allstate acted with malice. As noted above, Baker is only required to prove malice to recover *punitive damages*. She may still recover extra-contractual damages without proving malice. *See Tutor*, 309 So. 3d at 507. Importantly, the Court's only concern is whether Baker has *plausibly* pled a claim for bad faith. At this stage, the Court makes no determination about the damages Baker may be entitled to recover.

*Conclusion*

For the reasons set forth above, Allstate's Motion to Dismiss or, alternatively, Motion for Judgment on the Pleadings [89] is DENIED. Allstate's Motion to Continue [91] is GRANTED.

SO ORDERED, this the 10th day of June, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE